UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cameron D. Williams, | ) | CASE NO. 5:22 CV 1726 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| David Bobby, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James E. Grimes, Jr. (Doc. 20) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. Objections were filed after the Court reopened the case to allow petitioner to object to the Report and Recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which

1

objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner, Cameron D. Williams, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed as untimely. Petitioner has now filed objections to the Report and Recommendation.

Following a 2008 jury trial in the Summit County Court of Common Pleas, petitioner was found guilty of

> the lesser included offense of murder in count one; two counts of aggravated murder, plus 2 capital offense specifications and a firearm specification for each count; kidnapping, plus the firearm specification; aggravated burglary, plus the firearm specification; violating a protection order while committing a felony, plus the firearm specification; intimidation of a crime victim while using force or unlawful threat of harm, plus the firearm specification; escape while under detention for a felony of the third, fourth or fifth degree; having weapons while under disability; and carrying a concealed weapon.

(Doc. 20 at 4-5 quoting the state court of appeals decision). Petitioner was sentenced to life imprisonment with parole eligibility after 69 years. After exhausting his state court remedies, petitioner filed a first federal habeas petition which was denied in 2012. The Sixth Circuit denied an application for a certificate of appealability in February 2013.

Petitioner continued to file numerous motions in the state courts. As relevant here, in April 2013, petitioner filed a filed a motion to correct an illegal sentence, arguing that his sentence to post-release control was not properly imposed. The trial court granted the motion in May 2013 as to the imposition of post-release control. The trial court held a hearing on September 10, 2013, to correct notification to the defendant of his post-release control

requirements and issued an entry on September 30, 2013. On appeal, the court of appeals issued an order on April 16, 2014, remanding the matter to the trial court to correct its September 30, 2013 entry to reflect that it was *nunc pro tunc.* On April 24, 2014, the trial court issued a *nunc pro tunc* entry following the court of appeals' remand. Petitioner filed a notice of appeal with the Ohio Supreme Court which declined jurisdiction on September 3, 2014. In March 2022, petitioner sought authorization to file a second or successive habeas petition and the Sixth Circuit denied the motion as unnecessary, finding that the state trial court's September 13, 2013 and April 24, 2014 entries amounted to additional terms of post-release control and the April 24, 2014 entry was a new judgment. Petitioner filed his current Petition for Writ of Habeas Corpus on September 22, 2022.

       The Magistrate Judge determined that the Petition was time-barred by the applicable statute of limitations as it was filed well beyond the due date even after considering several tolling events. In particular, petitioner's new judgment became final on December 2, 2014- 90 days from the state supreme court's September 3, 2014 order declining to accept jurisdiction on direct appeal. Absent any tolling events, petitioner had until December 5, 2015, to file a federal habeas petition. In briefing before the Magistrate Judge, petitioner did not dispute the respondent's position that various motions tolled the statute of limitations until April 21, 2017. The Magistrate Judge agreed with the respondent and concluded that petitioner had until April 21, 2018, to file the instant Petition. The Petition was not filed until 2022.

       Petitioner filed objections.  He first maintains that the April 24, 2014 entry is not a final appealable order and does not comply with Ohio Rule Criminal Procedure 32(C) which states:

       **(C) Judgment.**

3

> A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

Ohio courts hold that a "trial court must comply with Crim.R. 32(C)" in order to enter a final appealable order in a criminal case. *State v. Baker*, 119 Ohio St.3d 197 (2008). "Only one document can constitute a final appealable order." *Id.* Petitioner asserts that this Court should remand to the trial court to issue a new entry that complies with Rule 32(C) from which petitioner can file a first appeal as of right. But, petitioner did timely appeal the April 24, 2014 entry and the Ohio Supreme Court declined jurisdiction.

Petitioner next argues that his Petition should be considered timely pursuant to 28 U.S.C. 2244(d)(1)(B) which states that the one-year period of limitation for filing an application for a writ of habeas corpus shall run from the latest of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Petitioner contends that it was not until he read *In re Stansell*, 828 F.3d 412 (6th Cir. 2016), in December 2021, that he learned that the April 24, 2014 entry was a new judgment upon which he could request to file a successive habeas petition. Petitioner appears to assert that the state "impediment" was the *nunc pro tunc* nature of the entry in which the trial court essentially stated that this was not a new judgment. As the Magistrate noted in regard to a related argument made by petitioner,

> Federal courts that have applied the limitations period prescribed under Section 2244(d)(1)(B) have required not just that the impediment be described, but that the petitioner also show a connection between the impediment and some actual harm amounting to the violation of a Constitutional right or other federal law. See *Holland v.*

4

> *Florida*, 560 U.S. 631, 665 (2010) ("Section 2244(d)(1)(B) expressly allows tolling for state-created impediments that prevent a prisoner from filing his application, but only if the impediment violates the Constitution or federal law.")

Petitioner does not provide any basis that the Constitution or other federal law was violated. Nor has he demonstrated a state-created impediment merely by arguing that he did not realize the April 24, 2014 entry was a new judgment because the state labeled it *nunc pro tunc*.

For these reasons, the Court agrees with the Magistrate Judge that the Petition is untimely.[1]

### Conclusion

This Court fully agrees with the reasoning and conclusions of the Magistrate Judge and completely adopts his factual and legal conclusions as its own and incorporates them herein by reference. Accordingly, for the reasons stated herein and for those set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/6/24

---

[1] As the Petition is untimely, the Court will not address petitioner's contentions that he is actually innocent of the escape charge and, therefore, of aggravated murder, or that there were procedural deficiencies in connection with his capital murder conviction.